**Gou Liang WAN Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 04–2321–AG.

United States Court of Appeals, Second Circuit.

Jan. 23, 2006.

John Z. Zhang, New York, New York, for Petitioner.

Matthew H. Mead, United States Attorney, Steven K. Sharpe, Assistant United States Attorney, Cheyenne, Wyoming, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. REENA RAGGI, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND

DECREED that the petition for review is DENIED.

Gou Liang Wan, through counsel, petitions for review of a BIA decision affirming the immigration judge's ("IJ") decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Wan alleges that he was persecuted by Chinese authorities because of his imputed practice of Falun Gong. The IJ found Wan not to be credible. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000).

■ The IJ found Wan not credible based on the contradiction between his testimony and his father's letter concerning his father's birth date. The IJ pointed out that this date was central to Wan's claim of persecution, because Wan alleged that he lived in another town but was visiting his father on his father's birthday—December 16th—and that his friend who came to give him the Falun Gong materials at his father's house knew that he would be there on that day, because she knew it was his father's birthday. The IJ also pointed out that in the letter from Wan's father, which was submitted into evidence, Wan's father stated that he was born on July 10th. The IJ's finding is substantially supported in the record and is a permissible basis for finding Wan incredible, as the alleged meeting between Wan and his friend, and the exchange of the package containing Falun Gong materials, lies at the heart of Wan's claim to persecution. The IJ also found Wan not credible based on the contradiction between Wan's statement that, after his release from detention, he was unconscious for two days, and his father's letter, in which his father claimed that for the two days after his detention, Wan could not sleep.

■ We note that the IJ and BIA appear to have erroneously assumed that Wan needed to present a credible claim of persecution based on his personal practice of Falun Gong. This is incorrect. *See Chun Gao v. Gonzales*, 424 F.3d 122, 129, (2d Cir.2005). However, the error is harmless in this case because the contradictions concerning the birthday of Wan's father—a date which is material to why Wan's friend sought him out at his father's house on the particular day she gave him the Falun Gong materials—and Wan's alleged state of consciousness after his release from detention, so overwhelmingly undermine Wan's credibility that there is no realistic possibility of a different result on remand. Accordingly, no further remand is warranted on Wan's asylum or withholding claims. *See Cao He Lin v. United States Dep't of Justice*, 428 F.3d 391, 395 (2d Cir.2005).

Because Wan did not raise the claims of withholding of removal and CAT relief in his petition to this Court, he has waived any challenge to the agency's denial of that claim. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542, n. 1, 546 n. 7 (2d Cir. 2005); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir.1998).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is

VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).